416 A.2d 1098

COMMONWEALTH of Pennsylvania

v.

**Ivan ARCE, Appellant.**

Superior Court of Pennsylvania.

Submitted July 30, 1979.

Filed Dec. 21, 1979.

Natale F. Carabello, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County, Criminal Division, by the defendant, Ivan Arce, after a non-jury conviction of voluntary manslaughter. After defendant's post-trial motions were denied by the court below, he was sentenced to one and one-half to ten years in prison on September 27, 1977. Defendant then filed a petition for reconsideration of the sentence which was denied on November 15, 1977. This appeal followed. Defendant claims on appeal that the evidence presented at his trial was insufficient to convict him and argues that his motion for arrest of the judgment should be sustained.

The facts of the case reveal that on February 10, 1977, the defendant went to visit a friend named George Rivera. Rivera, the decedent, another male, and a girl named Suzy were present and had been drinking alcoholic beverages and smoking marijuana prior to defendant's arrival. Upon arriving upon the scene, the defendant began to drink beer and smoke marijuana. The decedent and the unknown male then became engaged in an argument. Rivera and the defendant intervened whereupon the decedent insulted defendant and his nationality. A shoving match then erupted between defendant and the decedent. The decedent and Suzy then turned on the defendant and began to menace him. Defendant had not been threatened with a weapon nor

---

\* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

had anyone else in the apartment possessed a weapon. The defendant then picked up a knife and stabbed the decedent who died as a result of the stab wound. Defendant's defense at trial was that he acted in self-defense in stabbing the decedent.

In determining the sufficiency of the evidence necessary to sustain a conviction, the evidence must be read in the light most favorable to the verdict winner (here, the Commonwealth) and the verdict winner is entitled to the benefit of all reasonable inferences arising therefrom. *Commonwealth v. Johnston*, 438 Pa. 485, 263 A.2d 376 (1970). Before a slayer can successfully invoke the defense of self-defense he must have been free from fault in provoking or continuing the difficulty which resulted in the killing, he must have reasonably believed that he was in imminent danger of death, great bodily harm, or some felony, and that there was necessity for him to kill in order to save himself therefrom, and he must not have violated any duty to retreat or avoid danger. *Commonwealth v. Johnston*, supra.

In the instant case, the trial court found that defendant did not reasonably believe himself to be in danger of death or serious bodily harm so as to justify the use of deadly force to protect himself. No weapon was directed at the defendant. Nor had the decedent or anyone else threatened defendant with a weapon. The trial court, sitting as a finder of fact, did not believe that the facts of the case justified defendant's use of deadly force (the knife) to defend himself and that the defendant's use of force was therefore not reasonably exercised. With this we agree. To rule that a slayer is entitled to a defense of self-defense as a matter of law in every situation where he is menaced or threatened with *any* bodily harm at all (as opposed to a threat of death or great bodily harm) would set a dangerous precedent inconsistent with the precepts of a civilized society.

Judgment of sentence affirmed.

This decision was reached prior to the death of MANDERINO, J.